THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

ABRAM MIDDLESWORTH.

1. NEGLIGENCE — *relative* — *liability*.  In actions against railroad companies for injuries inflicted by negligence, it is held, that the company is not liable if the plaintiff has been guilty of negligence which has contributed to the injury, unless it appears that the company has been guilty of negligence

more gross than that of the plaintiff. That, in this class of actions, the jury may compare the degrees of negligence.

2. ALLEGATIONS AND PROOF. Where a declaration proceeds for one cause of action, the plaintiff cannot recover by proving another and different cause of action. To recover, he must prove the averments of some one of the counts of his declaration.

APPEAL from the Circuit Court of Shelby county; the Hon. CHARLES EMERSON, Judge, presiding.

This was an action of trespass *on the case* brought by Abram Middlesworth, in the Shelby Circuit Court, against the Illinois Central Railroad company. The declaration contains three counts. The first for negligence, in failing to fence their track, whereby the stock was killed. The second and third for killing the plaintiff's mules, by the negligent management of the engine and cars of the company in operating their road. The plea of the general issue was filed.

A trial was had by the court and a jury. It appears that plaintiff had a large herd of mules in a pen adjoining the roadway of defendant, the fence on the side of the road forming one side of the lot in which the mules were confined. That the mules broke into the road, and a passing train killed twenty-two of the herd, worth, as it was agreed, $2,840.

Plaintiff introduced evidence to prove negligence on the part of the employees of the road, and defendant, testimony to prove care and diligence. Among other instructions asked by defendant, the court refused to give his fifth and sixth, which are as follows:

" 5. That, although the defendant may have been guilty of negligence in the management of the train in question, yet if the plaintiff was also guilty of a want of proper and reasonable care and prudence on the occasion by placing so many mules in an inclosure of the size as stated, he knowing the habits and disposition of the mules when frightened, then, unless the proof shows that the conduct of the engineer was negligent, and not merely careless and imprudent, the law is

5 — 43D ILL.

for the defendant, and the plaintiff cannot recover for the damage done.

"6. That the plaintiff cannot recover upon the second and third counts in said declaration, unless it is proved to their satisfaction that the servants of defendant were negligent in the mangement of the train."

The jury found a verdict for the plaintiff, and assessed the damages at $2,840. Defendant entered a motion for a new trial, which was overruled, and judgment rendered on the verdict, and defendant, to reverse the judgment, prosecutes this apppeal.

Mr. A. J. GALLAGHER, for the appellant.

Messrs. MOULTON & CHAFEE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

A reversal is asked, because the court below refused to give appellant's fifth instruction. It asserted a correct legal proposition, and should have been given. It informed the jury, that, although the railroad company might have been guilty of negligence in the management of their train, yet, if appellee was also guilty of a want of proper and reasonable care and prudence on the occasion of the injury, by placing so large a number of mules in an inclosure of the size stated, then, unless the evidence showed that the conduct of the engineer was negligent, and not merely imprudent, the appellee could not recover.

This court has repeatedly held, that, in this class of cases, where it appears that the plaintiff has been guilty of negligence contributing to the injury, he cannot recover, unless it appears that the defendant has been guilty of negligence more gross than that of the plaintiff, — that in this class of actions the jury may compare the degrees of negligence. This instruction substantially told the jury, that, if appellee had been guilty of unreasonable negligence, and the engine driver

had not been guilty of gross negligence, they should find for appellant. By this instruction the jury would have been required to determine whether appellee had been guilty of unreasonable negligence, and if so, then whether the employees had been guilty of gross negligence. If they had so found, then they would have been required to find for appellee; but, if they found appellee guilty of negligence, and the engineer of no greater or higher degree of negligence, they would have found for appellant.

The first count in appellee's declaration proceeds for a liability in failing to fence their railroad track, whereby the stock were killed. The second and third counts proceed for damage to the stock from the negligence of the company. Each count containing a separate cause and ground of recovery, to succeed under it, the plaintiff must sustain it by proof of the facts contained in its averments. A count setting up one cause of action cannot be sustained by proof of another and different cause of action. To have recovered under the second or third counts, in this declaration, it was, therefore, indispensably necesssary to prove negligence on the part of appellant, producing the injury complained of and for which a recovery was sought. The sixth instruction announced these rules, and should, therefore, have been given. The judgment is reversed and the cause remanded.

*Judgment reversed.*