## CHICAGO & ALTON R. R. CO.

*v.*

## ELLEN MURRAY.

1. NEGLIGENCE—*liability for personal injury caused by.* In an action against a railroad company to recover for a personal injury to plaintiff on the ground of negligence in the servants of the defendant, the question is, through whose fault or negligence did the injury occur; and if the plaintiff was guilty of contributory negligence, was it slight in comparison with that of the servants of the defendant? If the negligence producing the injury is equal or nearly so, or that of the plaintiff is greater than that of the defendant, he can not recover, but if his negligence was slight in comparison to that of defendant, he may recover.

2. SAME—*instruction.* In such a case, where the vital question was the comparative negligence of the plaintiff with respect to that to be attributed to the servants of the defendant, and the evidence on this point was conflicting and difficult to resolve, the court in two instructions for the plaintiff substantially told the jury that if the defendant by its servants, the engineer and fireman of the engine that caused the injury, were guilty of negligence in managing the engine, then the defendant was liable for such negligence: *Held*, that the instructions in themselves were erroneous, and that although other instructions in the series given for the plaintiff and defendant stated the law of comparative negligence accurately, yet the objectionable ones were calculated to mislead the jury in such a case.

3. INSTRUCTION—*should be correct in itself without reference to others.* Where the plaintiff's right to recover depends not only upon the fact of negligence in the defendant, but also upon the degree of defendant's negligence as compared with his own contributing to the injury, and the evidence is conflicting and doubtful, his instructions should each be correct in itself without reference to others in the series or those for the defendant. In such case an instruction that if the defendant's servants were guilty of negligence, the defendant is liable therefor, is erroneous, in not further requiring the jury to consider the degree of the plaintiff's negligence.

4. SAME—*repeating.* Where the principles of law in instructions asked by a party and refused are substantially embraced in those given at his instance, there is no error in their refusal.

APPEAL from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.

The court gave the following instructions at the request of the appellee:

1. The jury are instructed by the court, on behalf of the plaintiff, that the defendant is liable for the misconduct, wrongful acts, negligence, or default of all or any of its officers, agents, servants, or employees, when proved, acting in the line of its business or employment.

2. The jury are further instructed, that Ellen Murray had a lawful right to be upon Chestnut Street, and to cross the defendant's railroad at any point where said railroad crossed Chestnut Street; and if the jury believe, from the evidence, that Chestnut Street was a public highway, and that Ellen Murray, while in the exercise of this lawful right was injured by the wrongful act, negligence, or default of the defendant, or its servants, then they will find for the plaintiff.

3. The jury are further instructed for the plaintiff, that while the person injured is bound to use reasonable care, yet she is not held to the highest degree of precaution of which the human mind is capable, and to recover, she need not be wholly free from negligence if the other party has been culpable. Therefore, in this case, even if the jury believe, from the evidence, that Ellen Murray was guilty of slight negligence, yet, if they believe, from the evidence, that the defendant was guilty of gross negligence, and that the negligence of Ellen

Murray was slight compared with the negligence of the railroad company, then they will find for the plaintiff, and assess her damages at such sum as, under the evidence, they believe her entitled to, not exceeding ten thousand dollars.

4. The court further instructs the jury for the plaintiff, that if they believe, from the evidence, that the fireman on the locomotive engine, which struck down and ran over Ellen Murray (if they believe from the evidence, she was struck down and run over), could, by the exercise of reasonable care and watchfulness, have seen the plaintiff in time to have stopped said engine and prevented injury to her, then the railroad company is liable for the want of care and watchfulness of said fireman, and for any injury which was occasioned by such want of care or watchfulness.

5. The court further instructs the jury that care and negligence are relative, and that the question of liability does not depend absolutely upon the absence of all negligence on the part of the plaintiff, but upon the relative degree of care, or want of care, as manifested by both parties, that in proportion to the negligence of the defendant should be the degree of care required of the plaintiff; that is to say, the more gross the negligence manifested by the defendant, the less will be the degree of care required by the plaintiff to enable her to recover. The plaintiff need not be wholly without fault, but her fault is to be measured by the defendant's negligence. Therefore, in this case, although the jury may believe that Ellen Murray may not have been wholly without fault, yet if they believe, from the evidence, that the defendant has been guilty of gross negligence, and that the negligence of the plaintiff was slight compared with the negligence of the defendant, then they will find for the plaintiff.

6. The jury are further instructed by the court, that in estimating the damage to the plaintiff, in this case, if any, they have a right to take into consideration the personal injury inflicted upon her, the pain and suffering undergone by her, and any permanent injury sustained by her, if the jury believe, from the evidence, that the plaintiff sustained such injuries.

7. The court instructs the jury that they are the sole judges of the facts in this case, and of the credit to be given to the respective witnesses who have testified, and in determining or weighing the evidence of such witnesses, the jury have a right to take into consideration the motives, feeling, and interest of such witnesses so testifying, if any.

8. The court further instructs the jury, that it was the duty of the engineer and fireman, operating and controlling a locomotive engine in approaching or crossing a public street or highway, to keep a careful watch or look-out ahead of said engine, to prevent injury to persons and loss of life.   And if the jury believe, from the evidence, that James Taylor, the fireman upon the locomotive engine which injured the plaintiff—if the jury believe from the evidence she was injured—was in a position where he could have seen the plaintiff, that there was nothing to intercept his view—if he had exercised reasonable care and prudence, and could thereby have prevented the injury, the defendant is liable for the negligence of said fireman, if they believe, from the evidence, he was guilty of negligence.

The jury found the defendant guilty, and assessed the plaintiff's damages at $7,000.   The court overruled a motion for a new trial, and rendered judgment on the verdict.   Defendant appealed.

Messrs. Williams & Burr, for the appellant.

Messrs. Stevenson & Ewing and Mr. W. W. O'Brien, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This is an action on the case, brought by the appellee against the appellant for personal injuries.   At the time the appellee received the injuries complained of, she was about seven and one-half years old.   In attempting to cross the several tracks of appellant's road, five or six in number, where the same pass over Chestnut Street, in the city of Blooming-

ton, she was struck and run over by an engine, by which one leg was severed from the body, and one hand crushed.

In regard to the comparative negligence of the respective parties in the transaction which resulted in the injuries to the appellee, there is a vast amount of evidence preserved in the record. The real questions in the case are, through whose fault or negligence did the injury to the appellee occur, or, if the appellee was guilty of contributory negligence, was the negligence on her part slight in comparison with that of the agents of the appellant?

Upon these questions the evidence presents a very sharp and difficult issue, and all the controverted facts in the case relate to the conduct of the appellee and the servants of the appellant at the time of the happening of the casualty.

In case of injury resulting from negligence, the doctrine of the comparative negligence of the party injured, and of the party producing the injury, has been so fully recognized, and the distinction so accurately stated in the former decisions of this court, that it is not now deemed necessary to discuss the question anew. It may be regarded as the settled law of this State, as declared in the case of *The Chicago, Burlington & Quincy R. R. Co.* v. *Payne*, 49 Ill. 499, that when the negligence producing the injury is equal or nearly so, or that of the plaintiff is greater than that of the defendant, in such cases the plaintiff can not recover. On the other hand, although the plaintiff may be guilty of negligence, yet if it is slight in comparison with that of the defendant, the plaintiff may recover. *C. & R. Is. R. R. Co.* v. *Still*, 19 Ill. 499; *C. & A. R. R. Co.* v. *Gretzner*, 46 Ill. 74; *Ill. Cent. R. R. Co.* v. *Middleworth*, 43 Ill. 64; *O. & M. R. R. Co.* v. *Eaves*, 42 Ill. 288; *St. L., Alton & T. H. R. R. Co.* v. *Manley*, 58 Ill. 300.

The fourth and eighth instructions of the series given on behalf of the appellee, on the trial, wholly ignore the doctrine of compartive negligence as uniformly held by the decisions of this court.

By those instructions the jury were told that if the appellant by its servants, the engineer and fireman of the engine that

caused the injury, were guilty of negligence in the management of the engine, then the appellee could recover without any regard to the fact of negligence on her part. Neither of these instructions, if considered alone, states the law correctly as applicable to the facts of this case, and would, doubtless, tend to mislead the jury. The vital question upon which the jury were to pass, was the comparative negligence of the appellee and the servants of the appellant. Upon an issue of this character, where the evidence is so conflicting, as in the case at bar, the jury ought to have been most accurately instructed. The object of instructions from the court is to enlighten the minds of the jury, to enable them to render an intelligent verdict on the evidence that shall be just between the parties.

We can see, in a case like the one at bar, where the recital of the sufferings endured by a plaintiff of such tender years would naturally tend to touch the sympathies of the jury, that instructions so framed as the ones above noticed, would be calculated to mislead the jury. The inclination of the mind of the jury would be to the interest of such a plaintiff, and these instructions would warrant a verdict not authorized on principles of law. It is not a sufficient answer to this view, in a case like the one under consideration, where the evidence is conflicting, and the determination of the question at issue one of difficulty to inexperienced persons, to say that some of the numerous instructions contained in the series given for the appellant and appellee, may have stated, with some degree of accuracy, the doctrine of comparative negligence. In case the jury considered these instructions alone, they could have reached the conclusion stated in their verdict, simply on finding that the servants of the appellant were guilty of negligence, without reference to the fact whether the negligence of the appellee contributed to produce the injury, for the reason that they were distinctly told by the instructions of the court that they might do so. In view of the facts of this case, as developed in the evidence, we are of opinion that it was error in the court to give instructions numbered four and eight on

behalf of appellee, without qualifying them by telling the jury to consider whether the appellee herself had not been guilty of a high degree of negligence, even for a person of her age.

Inasmuch as this case is to be submitted to another jury, to be more accurately instructed, we forbear at this time to comment on the evidence, the sufficiency of which to sustain the verdict is questioned by the assignment of errors.

So far as the instructions asked by the appellant, and refused by the court, state correct principles of law, they were substantially given in the other instructions given at its instance, and therefore there was no error in the court in refusing to give them the second time.

For the error of the court in giving improper instructions on behalf of the appellee, the judgment is reversed and the cause remanded.

*Judgment reversed.*