The Chicago and Northwestern Railway Co.

*v.*

Catharine E. Clark, Admx.

1. Comparative negligence. In an action to recover for injury alleged to have resulted from the negligence of the defendant, it is not sufficient to entitle the plaintiff to recover, if he shall have been guilty of contributory negligence, that there was a mere preponderance, in the degree of negligence, against the defendant.

2. The rule is, that, although the plaintiff may have been guilty of some negligence, still, if it is slight, as compared with that of the defendant, he may recover. But he can not recover unless the negligence of the defendant clearly and largely exceeds that of the plaintiff.

3. Instructions—*ignoring a principle involved, properly refused.* In a case involving the question of comparative negligence, an instruction which ignores this principle, is properly refused.

4. Evidence—*affidavit for a continuance.* Where an affidavit for a continuance is agreed to be admitted as evidence so far as it is relevant, this will not entitle the whole of it to be read in evidence, and there will be no error in excluding such parts as are not relevant.

Appeal from the Circuit Court of Whiteside county; the Hon. W. W. Heaton, Judge, presiding.

This was an action on the case, by Catharine E. Clark against The Chicago and Northwestern Railway Company, to recover damages for causing the death of Horace Clark, the plaintiff's intestate, through negligence. The opinion of the court contains a summary of the facts.

Messrs. Henry & Johnson, and Mr. B. C. Cook, for the appellant.

Messrs. Sackett & Bennett, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It is shown, by the evidence, that Horace Clark was engaged in hauling, in a two-horse wagon, some wheat from a car that was standing on the railroad track. His team was on the south side of the car. At the distance of 14 feet 8 inches south of the track on which the car was standing, from which the wheat was being taken, there was another track. Whilst Clark was thus engaged, an engine was switching out a train from the yard. The engine was passing along the south track from the west to the east. The team was timid, and afraid of the engine. Immediately before it reached the point opposite where the team stood, the horses became restive, and although Clark was standing in the wagon, with the lines in his hands, they became unmanageable, and backed the wagon, and, one of the horses backing more rapidly than the other, the wagon turned, so that the hind end came in contact with

the engine, and Clark fell on the side next the track, with his arm on the rail, over which the driving wheel ran and crushed it.   Clark died a day or two afterwards, from the effects of the injury.

It seems the employees of the company had warned Clark that there was danger in driving that team about the depot, but a few days previously.   The engine appears to have been going at a speed of about four miles an hour.   About these facts there seems to be no dispute.   But the evidence is not entirely harmonious as to whether Clark hallooed to and signaled the engineer to stop, before the accident occurred.   Two witnesses testify that he did, whilst the engineer and bystanders swear they neither saw the signal nor heard Clark halloo to stop.   On this state of facts, the jury rendered a verdict in favor of plaintiff, and against the company, for $4408.   A motion for a new trial was overruled, and judgment rendered on the verdict, and this appeal is prosecuted.

The contest before the jury turned upon whether there was negligence on the part of the company, and whether Clark was free from negligence, or, if not, whether his negligence was slight, as compared with that of the company.   That being the question, it was important, to a proper solution of it, that the jury should have been accurately instructed as to the law of negligence.   It is urged that the second of plaintiff's instructions, given to the jury, is erroneous.   It is this:

" Even though the jury should believe, from the evidence, that the said Horace Clark was, at the time in question, guilty of some slight negligence, either in his management of the team, or in his efforts to escape contact with the engine, still, if they further believe, from the evidence, that the negligence of the railway company, at said time, clearly exceeded any negligence, if such negligence has been proven, of said Clark, and was the immediate cause of his death, then the jury must find the railway company guilty."

This instruction is not correct.

We have never held, as this instruction announces, that, where there is negligence on both sides, the mere preponderance against the defendant will render him liable. The rule is, that, although the plaintiff may have been guilty of some negligence, still, if it is slight, as compared with that of the defendant, he may recover. But he can not recover, unless the negligence of the defendant clearly and largely exceeds his. *Illinois Central Railroad Company* v. *Bachus*, 55 Ill. 379; *Chicago and Alton Railroad Company* v. *Gretzner*, 46 Ill. 83; *The Illinois Central Railroad Company* v. *Triplett*, 38 Ill. 485. These cases illustrate the application and the extent of the rule.

Under the instruction given, although there may have been but slight negligence on the part of the company, and some negligence on the part of deceased, still, if the negligence of the company clearly exceeded that of deceased, although in the smallest degree, plaintiff might recover. Or, under a case where there is gross negligence on the part of both plaintiff and defendant, still, if that of the defendant was clearly, though in the slightest degree, the greater, a recovery could be had under such an instruction. This has not been announced by this court as the law, in any case, and to do so would be unreasonable, and work great injustice and wrong. It is not the law, and hence can not be sanctioned as such. We have no inclination, even if we had the power, to extend the rule beyond the cases to which we have just referred. We have no doubt this instruction misled the jury in their finding, and it should not have been given.

It is urged, that the court erred in refusing to give the sixth of defendant's instructions, as it was asked, and without modification. We do not perceive that the modification to this instruction was improper, as it fairly presented and defined the duty of each party. The fourth, which was refused, ignored the principle of comparative negligence, and should not have been given. We see no objection to a modification of the instruction, and it was required. But the modification

is not precisely accurate. It should have added to it the words, "than the negligence of plaintiff."

The substance of the seventh instruction had already been given in the sixth. The sixteenth instruction is not applicable to the evidence, as it does not appear that the lines were lying loose in the wagon. The seventeenth excludes all other means of prudently controlling the horses than by hitching them. This is wrong, as there are various other modes of taking care of the horses, as they were then situated, that would have been adopted by a prudent man, besides hitching them. The eighteenth ignored the question of comparative negligence. The same objection applies to the nineteenth of defendant's instructions, as to the eighteenth, and it was properly refused.

It is also urged, that the court erred in refusing to admit in evidence a portion of one of the affidavits for a continuance. There is nothing to show that it was agreed that the entire affidavit should be admitted. The statement in the record is, that here the defendant read, as far as the same was relevant, a portion of an affidavit for a continuance of this cause, and that portion is set out in the transcript; it proceeds, and the court refused to allow another portion of the same affidavit to be read to the jury, to the exclusion of which the defendant excepted. It fails to appear that appellee ever agreed that the affidavit should be read to the jury. We infer, although it is not stated, that plaintiff agreed to admit the affidavit, so far as it was relevant. But such would fall short of an admission that the whole affidavit might be introduced in evidence.

We should not incline to reverse on this assignment of error, but, for the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*