## CHARLES P. WILLARD
### v.
## ADOLPH SWANSON.

*Instructions—Slight Inaccuracy—Comparative Negligence—Errors—Assignment of—Damages for Personal Injury—Whether Excessive.*

1. Where the law is correctly stated in the instructions given, a slight departure from strict verbal accuracy in one instruction will not justify a reversal, unless the circumstances of the entire case compel the conclusion that the inaccuracy in fact misled the jury.

2. In an instruction on comparative negligence it is best, though not necessary, to state the hypothsis of ordinary care, and to use the word "slight" instead of "some" in describing the negligence of the plaintiff.

3. An instruction for the appellee stated in the same terms as one given for the appellant can not be assigned by him as error, he having induced the court to treat it as correct.

4. The appellant can not assign as error a modification of an instruction asked, which could not have injured him.

5. In an action by an employe against his employer for damages for a personal injury, a verdict for $2,000 is held not to be so excessive as to show an unreasonable exercise of the discretion of the jury.

[Opinion filed April 26, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. W. G. & A. T. EWING, for appellant.

For the injuries sustained by appellee, to wit, the loss of part of the second finger of the left hand, $2,000 is excessive damages. City of Elgin v. Renwick, 86 Ill. 498; C., R. I. & P. R. R. Co. v. Payzant, 87 Ill. 125; Kepperly v. Ramsden, 83 Ill. 354.

The appellee was not in the exercise of ordinary care at the time of the injury and consequently can not sustain his judgment, even if appellant's negligence was gross. Pennsylvania Co. v. Lynch, 90 Ill. 333; Sinclair v. Berndt, 87 Ill. 174; Myers v. I. & St. L. R'y Co., 113 Ill. 386; St. L. & S. E. R'y

Willard v. Swanson.

Co. v. Britz, 72 Ill. 356; St. L. Bolt & Iron Co. v. Burke, 12 Ill. App. 369; I. C. R. R. Co. v. Hetherington, 83 Ill. 510.

If appellee had the opportunity of knowing the situation and condition of the saw, with reference to guards and loose pulley, he is presumed in law to have known, and can not recover for an injury occasioned or contributed to by his negligence in that regard. .Penn. Co. v. Lynch, 90 Ill. 333; Wharton on Negligence, Secs. 214, 215.

. If any employe knew of the danger, or by the exercise of ordinary care and prudence he could have ascertained it, and does not do so, and continues in the service, he is deemed to have voluntarily accepted the risk, and can not recover. C. & T. R. R. v. Simmons, 11 Ill. App. 147; Moss v. Johnson, 22 Ill. 633, 642; I. C. R. R. Co. v. Jewell, 46 Ill. 99; Wright v. N. Y. C. R. R., 25 N. Y. 564; Hayes v. Western Trans. Co., 3 Cush. 270.

Appellee, without any real or apparent necessity, went to the saw table for kindling, and must bear the consequences of his voluntary act, the rule being that a servant who voluntarily selects a dangerous method of doing a thing and is injured can not recover. St. L. Bolt & Iron Co. v. Burke, 12 Ill. App. 369.

It is the duty of one approaching a dangerous place to use reasonable care to avoid injury; a failure to do so will preclude a recovery. City of Bloomington v. Read, 2 Ill. App. 542; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; C. & N. W. R'y Co. v. Hatch, 79 Ill. 137.

Mr. I. K. BOYESEN, for appellee.

It is not controverted that plaintiff could not recover if he was not in the exercise of ordinary care; the rule has been such ever since the Jacobs case, in 20 Ill. But it has not been held necessary in each instruction to set forth that principle. It is sufficient if the instructions, as a series, correctly present the law to the jury. T., W. & W. R. R. Co. v. Ingraham, 77 Ill. 309; Walker v. Collier, 37 Ill. 362; Yundt v. Hartrunft, 41 Ill. 9; C. & A. R. R. Co. v. Johnson, 116 Ill. 206, 210.

The damages awarded are not excessive. Elgin v. Renwick,

86 Ill. 498; C., R. I. & P. R. R. Co. v. Payzant, 87 Ill. 125; Kepperly v. Ramsden, 83 Ill. 354; Chicago W. D. R. R. Co. v. Hughes, 69 Ill. 170.

MORAN, J. The judgment appealed from was rendered in favor of appellee in an action brought to recover for injuries received by appellee from a circular saw which was running in the machine shop of appellant, where appellee was engaged as an employe. The accident occurred in the night time, and it was claimed that the saw was allowed to run all the time whether in use or not; that there was not light enough so that a person could distinguish whether the saw was running or not; that it was not guarded in any way, and appellee, while in the exercise of ordinary care, came in contact with said saw and was injured.

Appellant contends that the second instruction given for the plaintiff, erroneously states the doctrine of what is known as comparative negligence. Said instruction is as follows: " You are further instructed that even though you find from the evidence that the plaintiff was guilty of some negligence contributing to the injury testified about, and was not free from negligence on his part, this will not prevent him from recovering in this action, if he is otherwise entitled to recover, provided that you believe from the evidence that the defendant was guilty of gross negligence, contributing to the injury testified about, so that the negligence of the plaintiff was slight in comparison with that of the defendant, if any, and the negligence of the defendant, if any, was gross in comparison with that of the plaintiff, if any, and that such negligence of the defendant, if any, produced the injury complained of."

Counsel contends that the instruction should have required the jury to find that the negligence of the plaintiff was in fact slight when considered in relation to all the circumstances of the case as well as slight in comparison with that of defendant, and he argues that some negligence may be ordinary negligence as well as slight negligence and that if the " some negligence " supposed in the instruction was in fact ordinary

Willard v. Swanson.

negligence, it could not become slight by comparing it with the negligence of the defendant even if that were gross.   If the jury were not fully instructed as to the necessity of plaintiff's having exercised ordinary care, we should be inclined to regard counsel's contention as not without force: but we find that plaintiff's first instruction contains the hypothesis of ordinary care on his part, and that in several of the defendant's instructions given, the jury are plainly told that unless plaintiff was, at the time of the accident, in the exercise of ordinary care on his part he could not recover.   Considering the instructions given as a series, or considering plaintiff's instructions alone as a series, the jury are told that if the plaintiff was in the exercise of ordinary care and yet was guilty of some negligence, yet if the defendant was guilty of gross negligence contributing to the injury, and the negligence of the plaintiff was slight in comparison with that of the defendant, and the negligence of defendant gross in comparison with that of plaintiff, and that the negligence of the defendant produced the injury, then the plaintiff could recover.   To tell the jury that plaintiff must have exercised ordinary care, and yet might recover if guilty of some negligence, which in comparison with defendant's gross negligence was slight, is in effect and essence to tell them that the "some negligence" must be slight in fact as well as slight in comparison.   That is to say the exercise of ordinary care by an individual excludes all idea of negligence on the part of such individual that is not slight in the legal sense, and if one is found to have exercised ordinary care and yet to have been guilty of some negligence, he has been found to have been guilty of slight negligence only.   It would be better always to state in an instruction on comparative negligence the hypothesis of ordinary care, and we do not say that the term " slight " is not more accurate, and for that reason is not to be preferred to the word "some" as used in the instruction under consideration; but where, on the whole, the law is correctly stated to the jury, a slight departure from strict verbal accuracy in one instruction will not justify a reversal unless the circumstances of the entire case compel the conclusion that the inac-

curacy in fact misled the jury. The exact form of this instruction has received the approval of the Supreme Court in C. & A. R. R. Co. v. Johnson, 116 Ill. 206, and in the City of Chicago v. Stearns, 105 Ill. 554, and the rule of comparative negligence has been repeatedly stated by the Supreme Court in the terms in which it is stated in the instruction. C. & N. W. R. R. Co. v. Dimick, 96 Ill. 42; C. & N. W. R. R. Co. v. Clark, 70 Ill. 276; Calumet Iron & Steel Co. v. Martin, 115 Ill. 358.

Further, defendant's counsel, in his seventh instruction given by the court without modification, stated the rule of comparative negligence in the same terms as those used in plaintiff's instruction, and which he now contends to have been improper and erroneous. To present the instruction thus couched to the court, was to assert the accuracy of the terms in which the rule of comparative negligence was stated by the plaintiff, and one can not assign for error that which he has, by his own statement, induced the court to treat as correct. Northern L. P. Co. v. Benninger, 70 Ill. 571; Calumet Iron & Steel Co. v. Martin, 115 Ill. 358.

Complaint is made that the court modified the defendant's ninth instruction. As asked, said instruction stated that if plaintiff was guilty of some negligence, and defendant was also guilty of some negligence contributing to the injury, yet if the negligence of the plaintiff and negligence of the defendant, when compared, were gross, the verdict should be for the defendant. As modified, it stated that if the plaintiff's negligence was not slight, and the defendant's was gross, the verdict should be for the defendant. Manifestly the modification made the instruction much more favorable to appellant than the instruction as asked, and he can not assign as error that which could not injure him.

It is claimed that the damages allowed by the jury were excessive. The damages are undoubtedly large, but we can not say that the sum allowed is so large as to evidence any passion or prejudice on the part of the jury, or to strike the mind at first blush as being unreasonable. We can not say that the damages are so excessive as to demand that the ver-

dict should be set aside on that ground. Damages for an injury such as plaintiff sustained must, in the nature of the case, rest in the sound discretion of the jury, and when the court can not say that the discretion has been unreasonably exercised, the verdict ought not to be disturbed.

We are of opinion that there is no error in the record, and the judgment of the Superior Court must, therefore, be affirmed.

*Judgment affirmed.*