Frank Parmelee

v.

Sarah E. Farro.

*Action for a Personal Injury—Comparative Negligence—Instructions—When Great Accuracy is Required.*

1.  The rule of comparative negligence requires, and has always required, much more than a mere preponderance of negligence on the part of the defendant to authorize a recovery.  When the plaintiff is chargeable with contributory negligence, though slight, there must be a wide disparity between his negligence and that of the defendant or he can not recover.

2.  It was the right of the defendant in the case presented to have the terms, "slight" and "gross," explained, and especially to have the jury instructed that they imply more than a preponderance of negligence.

3.  Where the evidence is conflicting great accuracy in the instructions is required.

[Opinion filed May 18, 1887.]

Appeal from the Superior Court of Cook County; the Hon. Rollin S. Williamson, Judge, presiding.

Messrs. William E. Mason and Egbert Jamieson, for appellant.

Messrs. Brandt & Hoffman, for appellee.

Bailey, J.   This was an action on the case brought by Sarah E. Farro against Frank Parmelee, to recover damages for a personal injury caused by the plaintiff's being thrown

from a buggy in which she was riding in one of the streets of Chicago. At the time of said injury the plaintiff and her mother were riding in said buggy, the plaintiff holding the reins and driving; and as they reached a point at or near the corner of Adams and Clark streets they found the street so incumbered with wagons and other vehicles that they were obliged to stop. While they were standing in that place, waiting for an opportunity to proceed, an omnibus belonging to the defendant, in charge of one of his employes, approached the plaintiff from behind, and in endeavoring to go past her buggy so drove the omnibus that one of its wheels, as the evidence tends to show, collided with said buggy, breaking it and throwing the plaintiff out on the ground, causing the injury complained of. There was evidence tending to charge the driver of the omnibus with negligence in producing the collision, and there was also evidence tending to charge the plaintiff with negligence contributing to her injury, the evidence as to the negligence of both parties being conflicting.

Upon the foregoing evidence the court gave to the jury, at the instance of the plaintiff, an instruction embodying the rule of comparative negligence, and thereupon the defendant asked the court to give to the jury the following instruction:

"The court instructs the jury that though they may believe from the evidence that the defendant, by his servant, was guilty of negligence upon the occasion in question, and that such negligence contributed to the injury complained of, yet, if the jury further believe from the evidence that the plaintiff *was also guilty of an equal or nearly equal degree of negligence, directly contributing to the injury, and without which it could not have occurred, then the jury should find the defendant not guilty.*"

The court refused to give this instruction as asked but gave it to the jury after having modified it by striking out the words in italics, and inserting in lieu thereof the following: "did not exercise ordinary care and prudence to avoid being injured, then the plaintiff can not recover, and you should find the defendant not guilty."

Parmelee v. Farro.

The instruction as asked was a correct proposition of law and should have been given. The rule of comparative negligence requires and has always required much more than a mere preponderance of negligence on the part of the defendant to authorize a recovery. When the plaintiff is chargeable with contributory negligence, though slight, there must be a *wide disparity* between his negligence and that of the defendant before he can recover. In C., B. & Q. R. R. Co. v. Payne, 49 Ill. 499, it was held, almost in the very language of this instruction, that where the negligence of the parties is equal or nearly so, or that of the plaintiff is greater, no recovery can be had. This rule is repeated in nearly the same language in C. & A. R. R. Co. v. Murray, 62 Ill. 326; I. C. R. R. Co. v. Hall, 72 Ill. 222, and C. & N. W. R'y Co. v. Clark, 70 Ill. 276. So, in Keokuk Packet Co. v. Henry, 50 Ill. 264, it is said that if the plaintiff has been guilty of negligence, he can not recover unless that of the defendant is "greatly in excess." In I. C. R. R. Co. v. Baches, 55 Ill. 379, it is held that the plaintiff's negligence will bar a recovery except where the defendant's negligence is of a higher degree, so that when it is compared with that of the plaintiff, the latter is " greatly disproportioned or slight." In C. & N. W. R'y Co. v. Clark, *supra,* it is said that the negligence of the defendant must " clearly and largely exceed" that of the plaintiff.

Of course no lawyer will have any difficulty in perceiving that the doctrine of the foregoing decisions is necessarily implied in the rule of comparative negligence. Between the two degrees, slight and gross, there is necessarily a wide disparity. But these terms " slight" and " gross," as used in this connection, have received a technical legal signification which non-professional men, who compose our juries, may not understand. It was therefore the right of the defendant in this case to have them explained, and especially to have the jury instructed that they implied more than a mere preponderance of negligence.

It is no answer to say that the instruction as given announced a correct proposition of law. It did not announce the rule of law which the defendant desired and had a right to have given

to the jury.  The refusal to give the instruction as asked was error and considering the conflict in the evidence upon the question of negligence, as well as upon most of the other branches of the case, we are of the opinion that the error was sufficiently grave and prejudicial in its character to necessitate a reversal of the judgment.

The judgment will therefore be reversed and the cause remanded for a new trial.

*Judgment reversed.*