CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY

v.

ELIZA S. HALSEY, ADMINISTRATRIX.

*Railroads—Personal Injuries—Crossings—Ordinance—Signal Lights —Gates—Rate of Speed—Comparative Negligence—Ordinary Care—Evidence—Instructions.*

1. In an action brought by an administratrix against a railroad company to recover for the death of her son, alleged to have been occasioned through its negligence, this court holds that the omission from an instruction in behalf of plaintiff as to the question of comparative negligence, of the hypothesis that the person was at the time of the injury in the exercise of ordinary care, is not ground for reversal, other instructions in her behalf containing such hypothesis as a condition of recovery.

2. A refusal to give upon behalf of defendant an instruction, setting forth that in order to recover the person injured must have been in the ex. rcise of ordinary care, can not be complained of where the same rule was laid down in instructions given in behalf of plaintiff.

3. An instruction setting forth that if the person injured went upon the track without looking in the direction from which the engine which struck him came, he was guilty of such negligence as barred recovery, should not be given where the court is not authorized, under the facts and circumstances in evidence. to declare that a failure to look in all directions for approaching trains before attempting to cross the tracks, was negligence.

4. The question of negligence in the operation of its road or the running of its trains by a railroad company is for the jury.

5. In the case presented this court declines to interfere with a verdict for plaintiff, in the sum of $5,000, deceased being at the time of his death in good health and twenty-two years of age.

[[Opinion filed April 3, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. EDWIN WALKER, for appellant.

The rule of all courts is that it is hazardous for any person to cross the tracks of a railroad where it is known that trains are constantly or frequently passing, and that because of this hazard the law requires all persons attempting to make such crossing to exercise even more than ordinary care, in fact, that degree of care commensurate with the hazard.

In I. C. R. R. Co. v. Godfrey, 71 Ill. 500, on page 508, the court says: "As a general rule it is culpable negligence to cross the track of a railroad at a highway crossing without looking in either direction that the rails run to ascertain whether a train is approaching."

It is also held in I. C. R. R. Co. v. Hetherington, 83 Ill. 510, that where no care is shown by the evidence to guard against danger, and a person received injury therefrom, that under such circumstances the negligence of the deceased would be gross.

There is no evidence, nor is it claimed that the engineer or any other person upon the defendant's train saw the deceased until he was upon the railroad track immediately in front of the engine; nor is it claimed that the defendant's servants were guilty of negligence in not arresting the speed of the train after such discovery had been made.

The relative rights of the parties are discussed in C., B. & Q. R. R. Co. v. Lee, Adm'x, 68 Ill. 576. This was an action brought by the plaintiff, as administratrix of the estate of the deceased, against the railroad company, for damages resulting from the death of the intestate. The deceased was struck by

one of the defendant's trains at a public highway, and the
relative rights of the parties were carefully considered and
defined by the court.   It is held in this case that if the engi-
neer saw the deceased driving in the direction of the public
crossing he had a right to expect, according to law and cus-
tom, that he would stop rather than attempt to pass in front
of the train.   But in the present case the deceased was not
seen by the engineer or other person, nor is it claimed  that
the engineer was guilty of negligence in that respect.

In the instructions on behalf of the defendant the trial
court was not requested to prescribe any rule more stringent
than the rule above laid down by the Supreme Court, or than
the subsequent rules of either the Supreme or Appellate
Courts.

There was evidence to support this instruction; it was in
accordance with the defendant's theory of defense, and was
also within the uniform rules of law.   The jury received no
direction relative to the defense and were not advised of the
defendant's particular theory.

In Stearns v. Reidy, 18 Ill. App. 582–5, the court holds:
"Where an instruction that is in conformity with law is asked,
based on the evidence, and presenting a view of the case that
may be controlling and which is not covered by any other
instruction, a refusal to give it will cause a reversal of the
case." ·Bennett v. Connelly, 103 Ill. 50; State v. Wilson, 2
Scam. 225; Cohen v. Schick, 6 Ill. App. 280; C., B. & Q. R.
R. Co. v. Warner, 108 Ill. 538.

The court in its instructions given at the request of the
plaintiff, especially directs the attention of the jury to her
theory of the case.

Plaintiff's second instruction charges the jury that, if they
believe from the evidence that the defendant's train was run-
ning at an unnecessary and manifestly dangerous and reckless
rate of speed over the crossing, and that such rate of speed
was the proximate cause of the death of the deceased, then
they shou'd find for the plaintiff.

Also in the third instruction, that if the defendant was
guilty of negligence in not keeping, while so running its train,

a brilliant and conspicuous light on the forward end of the locomotive, and that the deceased, by reason thereof, was killed, then the plaintiff was entitled to recover.

Also in the fourth, if they should find that the deceased was guilty of some negligence, but that the defendant was also negligent, and that the negligence of the deceased was slight in itself and in comparison with the negligence of the defendant, and that the negligence of the defendant was in itself and in comparison with that of the deceased, gross, and that the defendant's negligence was the proximate cause of the death of the deceased, then slight negligence of the deceased would not prevent a recovery by the plaintiff.

In the second and third instructions certain facts are singled out and given prominence, and the attention of the jury is especially directed to these alleged facts.

While the court directed the attention of the jury to the special theory of, and the evidence relied upon by the plaintiff, it refused to give the jury any instructions whatever, referring either to the evidence or the theory of the defendant.

Messrs. FLOWER, REMY & HOLSTEIN, for appellee.

In the case of the Chicago & A. Ry. Co. v. Carey, Adm'x, 115 Ill. 115, a person was killed in the night time by cars in motion. There was no eye-witness of the injury. The proof showed that about midnight the deceased left a store, a few blocks distant from the place of the accident, and started on the sidewalk in the direction of his home, and was then duly sober, and that the place where he was killed was on his direct route home, and the accident must have happened very soon after he was last seen that night. And it was held, in an action to recover for his death, that the circumstances were such as might justify an inference whether or not the deceased used due care, and that direct proof on the point was not necessary. C., R. I. & P. Ry. Co. v. Clark, Adm'x, 108 Ill. 113–17; C., St. L. & P. R. R. Co. v. Hutchinson, 120 Ill. 587–96.

In the case of Johnson, Executrix, v. The Hudson R. R. Co., 20 N. Y. R. 65, a horse car of the defendant was proceed-

C., M. & St. P. Ry. Co. v. Halsey.

ing upon its railroad without lights or bells, on a dark evening in a street of New York City, obstructed by a sewer in the process of construction. The plaintiff, a sober cartman, was found dead upon the track, under circumstances authorizing the inference that he had fastened his horse, and was groping in the dark to find a safe passage for his team, when struck by the defendant's car. There was no witness to the accident; and it was held that the dangerous tendency of the defendant's conduct was such as, in the absence of any other evidence than the presumption that the plaintiff had the same regard for his safety as other men, to authorize the attributing of the accident to the negligence of the defendant, and the refusal of a non-suit. And that the degree of care required from the managers of a railroad in a highway, and of prudence on the part of one about to cross it, are proportioned to the danger of inflicting injury and their liability to incur it. The obligations of extreme care and of ordinary care, are to be construed with reference to the particular circumstances of the case. The language of a charge in respect to degrees of care or negligence is to be interpreted accordingly, and not in any abstract, technical sense.

In the case of Haycroft v. The L. S. & M. S. Ry. Co., 64 N. Y. 636–7, the plaintiff, a girl sixteen years old, was passing along a street in the city of Buffalo, going south, across defendant's tracks (five in number). She had crossed two of these tracks. She looked both ways, and saw a train approaching from the east, on the fifth track. She stopped for this train to pass, standing between the second and third tracks within about a foot of the third. She had been standing thus a short time, and, about as the train she was watching passed, she was struck and injured by the tender of a locomotive backing up from the west, on the third track, which gave no warning, by ringing a bell or sounding a whistle, of its approach. The plaintiff was non-suited at the circuit, on the ground of contributory negligence. Held, error; that the question was one of fact for the jury.

The case of Smedis, Adm'x, v. The B. & R. B. R. R. Co., 88 N. Y. R. 13, was an action to recover damages for the

alleged negligent killing of S., plaintiff's intestate. It appeared that S. was seen going westward toward defendant's track, upon a street which was crossed by said track. It was a very dark night; a train, having no headlights, was approaching from the north on a down-grade, without steam, and making but little noise. The bell was not rung nor the whistle sounded. Another train was approaching the crossing from the south on another track west of the defendants. It had a bright headlight; its whistle was sounded, and its bell was rung; and as it was an up-grade, the exhaust of the engine made a great noise. Defendant's engine first reached the crossing. A witness, standing on the street west of the defendant's track, testified that by the aid of the light of a lamp reflected along the street, he saw the form of a man approaching the track, who turned toward the south as he came near the track, when the view was cut off by the approaching train. S. was found, after the trains passed, lying near defendant's track, a few feet south of the line of the street, with a wound on the left side of his head, which caused his death. Held, that the evidence authorized the submission to the jury of the question of negligence on defendant's part, and contributory negligence on the part of S.; that the evidence did not show conclusively that S. was south of the southerly line of the street when struck by the engine; that it was not to be assumed that decedent did not look or listen for a train on defendant's road, as the evidence tended to show he could neither have seen nor heard the train approaching thereon, and that his attention was necessarily given to the other train.

In the case of Tolman, Adm'x, v. The S., B. & N. Y. R. R. Co., 98 N. Y. R. 198–203, the court say: "The burden of establishing affirmatively freedom from contributory negligence may be successively borne, though there were no eye-witnesses of the accident, and even although its precise cause and manner of occurrence are unknown. If, in such case, the surrounding facts and circumstances reasonably indicate or tend to establish that the accident might have occurred without negligence of the deceased, that inference becomes possible, in addition to that which involves a careless or wil-

C., M. & St. P. Ry. Co. v. Halsey.

ful disregard of personal safety; and so a question of fact may arise to be solved by a jury, and require a choice between possible, but divergent, inferences."

In the case of Mayo v. B. & M. R. R., 104 Mass. 137–40, the court say: "It is well settled that in order to recover for an injury on the ground of negligence of another party, it must appear that the plaintiff was in the exercise of due care in respect to the occurrence from which the injury arose; or that the injury is in no part due to his own fault or want of care. The burden rests upon the plaintiff to make this appear; although in form, a proposition to be established affirmatively, it is not necessarily to be proved by affirmative testimony addressed directly to its support. The burden is held to be upon the plaintiff, for the reason that it is a subordinate proposition, necessarily involved in the more general one upon which the action is founded, to wit, that the injury to the plaintiff was caused by the negligent or wrongful conduct of the defendant. If this be shown by evidence which excludes fault on the part of the plaintiff, the proposition of due care is established as effectually as by affirmative testimony. All the circumstances under which the injury was received being proved, if they show nothing in the conduct of the plaintiff, either of acts or neglect, to which the injury may be attributed in whole or in part, the inference of due care may be drawn from the absence of all appearance of fault." Woods v. City of Boston, 121 Mass. 337–8 ; Cook v. Union Ry. Co., 125 Mass. 57–61 ; Linnehan v. Sampson, 126 Mass. 506–12 ; Smith v. Boston G. L. Co., 127 Mass. 318–19 ; Peverly v. City of Boston, 136 Mass. 366–74 ; Lyman v. Co. of Hampshire, 240 Mass. 311–14. In the case of Prentiss v. Boston, 112 Mass. 47, the court say: "It was necessary for the plaintiff to prove, not only that he used ordinary care, but that the defendants were negligent. As to his own care, it was not necessary to prove it by directly affirmative evidence ; but the inference of such care might be drawn from the absence of all appearance of fault, either positive or negative, on his part, in the circumstances under which the injury was received."

The appellant asked a series of instructions, covering, as his counsel says, "the theory of the defendant."

Considered as a whole, "as a theory," they were properly refused, because the principle of comparative negligence is entirely ignored. This is fatal to them as a whole. The "theory of the defendant" is bad, because it ignores an elementary principle that is an essential part of the web and woof of the case. Where a series of instructions is asked for in the aggregate, or as a "theory of the defendant," and such theory is defective, or any single proposition in the series is objectionable, the court may, for that reason, refuse to give the whole, and the refusal is no ground of error. 2 Thompson on Trials, Sec. 2349 and notes.

And irrespective of the question of comparative negligence the instructions asked by the appellant are bad, and were properly refused, because the instructions given by the court on its own motion and at the request of the appellee, gave the law as applicable to the case in clear and intelligent language. There was no occasion for repeating the same idea in different instructions varying only in form. Keeler v. Stuppe, 86 Ill. 309; I. & C. R. Co. v. Horst, 93 U. S. 291.

It is not error to refuse to give instructions asked for, however correct or applicable, if they have in substance already been given in the charge of the court. Scott v. Delaney, 87 Ill. 146.

In the case of Railway Co. v. Whitton, 13 Wallace (U. S.), 271, 290, the Supreme Court say: "The counsel of the plaintiff had requested three special instructions to the jury, and the counsel of the defendant had requested nineteen special instructions. The court, however, declined to give any of them, except as they were embraced in its general charge. Some of the instructions prayed by the defendant presented the law respecting the liability of the company correctly, and some of them were based upon an assumed condition of things which the evidence did not warrant. But it is not error for a court to refuse to give an extended series of instructions, even though some of them may be correct in the propositions of law which they present, if the law arising

upon the evidence is given by the court with such fullness as to guide correctly the jury in its findings, as was the case here."

MORAN, J.   Appellee recovered a judgment of $5,000 against appellant in the Superior Court for causing the death of her son at a street crossing in the village of South Evanston, and to review said judgment, appellant prosecuted this appeal.

Appellant operates a double track railroad from Chicago to Evanston, which crosses Greenleaf street, an east and west street in the village of South Evanston, at right angles. Appellant's north bound trains use the east track, and its south bound trains the west track, and these tracks are parallel and close together.   After dark on March 11, 1887, deceased with his sister was passing east on the south side of Greenleaf street, and just as the crossing of appellant's tracks was reached a north bound train of some ten cars was passing at a rapid rate.   Just as the north bound train cleared the street, deceased and his sister were struck while crossing the west track by the engine of the south bound train, and deceased was killed, the sister receiving some injuries from which she recovered.

The train which struck deceased consisted of two passenger coaches drawn by one engine which was being run rear end in front, with a tail end or switch light something more than · half the size of the ordinary headlight upon the tender.   The ordinance of South Evanston provides that "every locomotive engine, railroad car, or train of cars running in the night time in the said village, shall have and keep a brilliant and conspicuous light in the forward end, and while backing up on the rear end of such locomotive engine."

Appellees contend that the use of the tail end light was not a "conspicuous light," and it was negligence to use it, and also that it was negligence on the part of the company not to have gates or lights or a watchman at the said Greenleaf street crossing, and that there was further negligence in the rate of speed at which the train was run, and that no bell was rung and no signal given of the approach of the train at

the time of the accident. As to the speed of the train there was a conflict of evidence, appellees' witnesses estimating that it was being run at not less than forty miles an hour, and appellant's that it was not running faster than about thirty miles an hour. There was a like conflict as to whether the bell was ringing as the engine approached the crossing. Whether the appellant was guilty of negligence in running its train or in operating its road, in any of the matters alleged, was a question of fact to be determined by the jury upon consideration of all the evidence in the case. Counsel for appellant makes some criticism on the instructions given by the court on behalf of appellee, but a careful examination of said instructions shows them to be free from legal error.

The instruction given as to comparative negligence does not contain the hypothesis that deceased was, at the time of the accident, in the exercise of ordinary care. The instruction does not authorize a recovery on the facts supposed on it, but states, in a form of words often approved by the Supreme Court, the rule of comparative negligence as it obtains in this State. The other instructions for the plaintiff all require the jury to find that deceased exercised ordinary care, in order to find a verdict for the plaintiff. Careful practitioners will always insert the hypothesis of ordinary care in drawing the contributory negligence instruction, but its omission from such instruction will not be regarded as a ground for reversal when other instructions for plaintiff contain such hypothesis as a condition of plaintiff's recovery. Chicago v. Stearns, 105 Ill. 554; C. & A. R. R. Co. v. Johnson, 116 Ill. 206; Willard v. Swanson, 22 Ill. App. 424, and same cases in Supreme Court, 18 N. E. Rep. 548.

There was no direct evidence in this case that deceased was in the exercise of ordinary care at the time of the accident, but from all the facts and circumstances in evidence the jury could determine whether he exercised such care for his safety as one of ordinary prudence would have done under the same circumstances, there being no evidence that he was in fact negligent. We can not say that the circumstances of the accident were such that the inference that deceased used due

care was not warranted.   Chicago & Alton Ry. Co. v. Carey, 115 Ill. 115.

All of the appellant's instructions were refused by the court, and the refusal is pressed as erroneous.   All but one of said instructions required the court to state to the jury in effect that if deceased went upon the track when he was struck without looking in the direction from which the engine which struck him came, he was guilty of such negligence as barred a recovery.   Such instructions were properly refused.   The court was not authorized under the facts and circumstances in evidence to declare that a failure to look in all directions for approaching trains before attempting to cross the tracks was negligence.   C., St. L. & P. R. R. Co. v. Hutchinson, 120 Ill. 587.   One of appellant's instructions was, that in order to recover deceased must have been in the exercise of ordinary care at the time of the accident.   This instruction might well have been given, but its refusal will not reverse, because the same rule was abundantly announced to the jury in the plaintiff's instructions.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*