## CITY OF CHICAGO
### v.
## BRIDGET MOORE.

*Municipal Corporations—Negligence of—Defective Sidewalk—Personal Injuries—Evidence—Instructions.*

1.  A trial judge may properly refuse instructions asked in a given case and give one drawn by himself covering all the questions therein.

2.  A litigant who has induced the court in a given case, through instructions asked, to treat as correct an assumption contained in an instruction drawn by the court, such assumption being erroneous, can not complain thereof.

[Opinion filed March 13, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. GEORGE F. SUGG, CHARLES S. CAMERON and W. E. HUGHES, for appellant.

Mr. W. S. JOHNSON, for appellee.

City of Chicago v. Moore.

Moran, P. J. Appellee received a judgment against the city for an injury received by her upon an alleged defective sidewalk. The injury is shown by the evidence to have been serious and permanent, and if it was chargeable to the city, under the law, the amount of the damages awarded can not be said to be excessive.

The principal burden of the complaint of the counsel for the city is against the trial judge for refusing all the instructions asked by the appellant, and giving an instruction written by himself, embodying all the material propositions contained in appellant's instructions and applicable to the facts in the case. In support of this complaint it is contended that a party litigant has the right by the statute of this State to have his instructions, containing correct propositions of law and applicable to the facts of the case, given to the jury by the judge, and that it is error for the court to refuse to give such instructions as they are requested, and to give in lieu thereof an instruction or instructions written by himself, and formulating in his own language and phrase the same legal principles.

This contention has the support of the statute in neither letter or spirit. The statute requires that the instructions given to the jury shall be in writing, and directs that instructions asked and which the court can not give, shall be marked "Refused," and those which he approves he shall mark "Given." If he marks an instruction refused, even though it contains a correct proposition, but gives the same rule of law couched in language that suits his views better, the party asking the instruction can not complain. One of the evils that has crept into our practice of written instructions arises from the fact that instructions may be so drawn as to embody a correct rule of law, and yet contain by suggestion or inuendo that which amounts to an intimation, if not to an argument, on the facts. The instruction handed up comes to the judge from a partisan hand, and it has been drawn as carefully as the skill of the lawyer can accomplish it, to present a partisan view, or to convey a hint, suggestion or intimation of advantage to his client. The same legal rule may be stated

in a differently arranged combination of words by the judge, and be, as it is very likely to be, coldly impartial and entirely colorless in its statement of the facts on which it is based.

The practice of the judge's refusing all instructions asked and giving a written instruction or charge to the jury, covering all the questions in the case, is not only not in violation of the statute or the rights of litigants, but is in our opinion a wise and commendable course, and one most likely to reach just results. The legal correctness of such a practice is not an open question. It has been several times approved by this court (Birmingham Fire Ins. Co. v. Pulver, 27 Ill. App. 20; Alexander v. Mandeville, 33 Ill. App. 589) and has the express commendation of the Supreme Court, in Birmingham Ins. Co. v. Pulver, 126 Ill. 329, where, after holding the practice legal, the court says: "Indeed, the preparation of a charge by the judge may often have the advantage of furnishing the jury with a terse, consecutive and logical statement of the law applicable to the case, in place of the loose, disjointed and obscure presentation of the law which often results from giving instructions in the form in which they are prepared by the respective counsel."

While counsel concede that the instruction given by the court in this case states the law correctly in the main, it is contended that all the points on which they asked instructions are not covered, and that on one point the court assumed the existence of the sidewalk at the place of the accident, a point which it is said was in dispute.

If there was any error in assuming that there was a sidewalk where the injury occurred, it was an error which the court was invited to commit by several of the instructions which appellant requested the court to give. Appellant is not, therefore, in a position to insist on such assumption as error, having induced the court to treat it as correct. Willard v. Swanson, 22 Ill. App. 424.

It is urged that the court did not give any proposition equivalent to appellant's fourth instruction refused. While that is true, the omission does not constitute error. The

instruction as asked is not good law, and is in its most material feature expressly condemned in City of Chicago v. McLean, 133 Ill. 148.

Other errors assigned do not require detailed discussion. There is no error shown which requires or authorizes the interference of this court with the verdict rendered, and the judgment of the Superior Court must therefore be affirmed.

*Judgment affirmed.*