The Great Western Telegraph Company, for use, etc., v. Charles Mears.

1. Amendments—*Discretion to Permit.*—It is not error to allow the defendant to file a verified plea on the call of the docket for trial.

2. Ratification—*Subscription to Capital Stock.*—Where a subscription to the capital stock of a corporation is made in the name of another without his authority, he may ratify it by making payments on the subscription; but in a disputed case, whether such payments are made with

full knowledge of the circumstances, and whether with intent to ratify it, or to buy his peace, is a question for the jury.

**Memorandum.**—Assumpsit for installments of subscription. Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed March 26, 1894.

The opinion states the case.

THOMAS J. SUTHERLAND and LESTER H. STRAWN, attorneys for plaintiff in error.

HENRY C. NOYES, attorney for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The defendant in error, as well as below, is sued as a stockholder of the plaintiff in error for an installment upon his subscription.

The question in the case is one of fact: Did he subscribe or ratify the subscription?

That he did not subscribe with his own hand is conceded, but it is contended that the court erred in permitting the defendant to put the execution of the subscription in issue by a verified plea, when, on a preliminary call, the case had been called for trial, and in fact went to trial in four days thereafter.

The cases cited to support that contention do not support it. They are Fisher v. Greene, 95 Ill. 94, and Fielding v. Fitzgerald, 130 Ill. 437, and only decide that it is not error to refuse leave to change the issues upon mere request, not accompanied by any affidavit of special circumstances. No case is cited—probably none can be cited—holding that since the revision of the statutes in 1872, granting leave to amend, is error.

The court gave to the jury, on behalf of the plaintiff, the following instructions:

1. If the jury believe, from the evidence, that the defendant executed and delivered to the plaintiff the contract introduced in evidence, to take and pay for one hundred

shares of the capital stock of the plaintiff, of the par value of $2,500, and that he had never paid thereon, previous to July 10, 1886, to exceed the sum of $1,000, then the court instructs the jury, as a matter of law, that there still remained due to the plaintiff from said defendant, upon said last mentioned date upon said contract, after such payment, the further sum of $1,500, and further, that by virtue of, and under the decree of assessment of this court, made by it and entered in the case of Jeremiah Terwilliger and others, against the plaintiff and others, on the 10th day of July, A. D. 1886, and which decree has been introduced in evidence in this case, the defendant became liable to pay the plaintiff the sum of $875, and which sum became due and payable to the plaintiff, by the defendant, upon and according to the demand of the receiver of the plaintiff.

And you are also further instructed that if you believe from the evidence that the receiver of the said plaintiff, the late Elias R. Bowen, now deceased, either by himself or his authorized agent, gave notice to the defendant of the making of said assessment, and also made demand upon the defendant on the 22d day of December, A. D. 1886, for the payment to him, as such receiver, of the said sum of $875 within five (5) days from the date of the making of said demand, and which notice and demand was in writing, a copy of which is in evidence in this case, and that the said defendant has not paid the said sum of money so demanded, or any part thereof, then the jury are instructed that the plaintiff is entitled to recover in this action from the defendant the said sum of $875, together with interest on the same at six (6) per cent per annum, from the 27th day of December, A. D. 1886, to the 1st day of July, A. D. 1891, and at five per cent per annum from said July 1, 1891, to the present time, and the jury will so find in making up their verdict in this case, provided the jury believe from the evidence that Mears signed the subscription, or authorized any one to sign it for him, or afterward ratified it.

2. The court instructs the jury, as a matter of law, that it makes no difference whether the contract of subscription

was actually signed by the defendant Mears, or not, if they find from the evidence that, with full knowledge of the same, he paid thereon, at or about the time it was made, the sum of $50, and subsequently, in 1881, and under the orders of this court, which are in evidence before you, paid to the receiver of the plaintiff the further sum of $950, by the release of claims against the plaintiff, and the payment of cash; for in such case, the court instructs you that such payments amounted to a ratification of the said contract by said Mears from its date, and renders the said contract the contract of said Mears, as charged in the declaration in this case, and the jury will so find in arriving at their verdict in this case.

And the court gave to the jury on behalf of the defendant, the following instructions:

1. The jury are further instructed that if they believe from the evidence that at the time said Mears made such payments, he did not see the subscription list, and if the jury also believe from the evidence that Mears did not know whether he had signed it or not, and if the jury further believe from the evidence that afterward he discovered that he did not sign it, such payment, if made under a misapprehension of facts as to his liability, is not evidence of a ratification of the subscription, provided the jury believe from the evidence that Mears did not sign the subscription list, or authorize any one to sign it for him, or ratify the subscription.

2. The jury are instructed that if they believe from the evidence that one Denison signed the subscription list with the name of Charles Mears & Company, and paid thereon the sum of $50, then, as a matter of law, unless the plaintiff has shown, by a preponderance of evidence, that the said Denison signed the same by Mears' authority, or ratified by Mears, the plaintiff can not recover, and your verdict must be for the defendant.

3. The jury are further instructed that if they believe from the evidence that the defendant, Mears, paid a certain amount on said subscription as a compromise of the claim

made against him, and to avoid a law suit, such payment should not be considered as evidence of a ratification of the signing of the paper sued upon.

4. The jury are instructed as a matter of law, that it is the duty of the plaintiff to prove its case by a preponderance of evidence, and if you find that the plaintiff has not so proved its caes by a preponderance of evidence, it can not recover, and your verdict must be for the defendant.

5. The jury are instructed that in this case the defendant has filed a plea, denying the signature to the instrument, and under this plea it becomes the duty of the plaintiff to prove that the defendant, Mears, did sign the instrument or authorize the same to be done, and if said Mears did not execute the instrument sued upon, or authorize it to be done, or ratify it, the plaintiff can not recover.

The defendant had at one time, as recited in the plaintiff's second instruction, paid on the subscription, but whether with full knowledge of the circumstances, and whether with intent to ratify it, or to buy his peace, was, on the evidence, a question for the jury.

The criticism on the use of the word "ratify" in the defendant's instructions, is not open to the plaintiff, as they follow the example set by the plaintiff's. City of Chicago v. Moore, 40 Ill. App. 332.

If a subscription was made in the defendant's name, without his authority, he might ratify it. If he did, he is bound as if he had made it himself. If he did not, he is not bound. There is no doctrine of estoppel applicable to the case without such ratification, on the assumption of want of original authority. Whether upon the question of original authority, or of ratification, we should have come to the same result as the jury, we need not say.

Those questions were for them to decide upon the evidence, and the judgment must be affirmed.