# The Chicago and Alton Railroad Company

*v.*

## Albert Johnson.

*Filed at Springfield January 22, 1886.*

1. Negligence—*contributory and comparative.* Negligence of a plaintiff which is slight as compared with that of the defendant which is gross, will not prevent the former from recovering damages for a personal injury resulting from such negligence of the defendant.

2. Same—*care required of a brakeman on a railroad.* The law does not require that a brakeman upon a freight train shall absolutely know all of the defects of construction and obstructions there may be along the line of the railroad, and that he shall neglect the performance of his duties as a brakeman to be on the constant lookout for such obstructions and structures which may be dangerous.

3. Same—*duty of railway company in construction of covered bridge.* Where a railway company constructs a covered bridge along the line of its road, it should build it of sufficient height so that persons employed by it as brakemen, and who are required to go on top of freight cars in discharge of their duty while going over the bridge, may pass through and under the roof of the bridge without danger to their personal safety.

4. Instruction—*when omission of an essential element cured by others giving it prominence.* Where, in an action to recover damages resulting from negligence, an instruction for the plaintiff is faulty in omitting the requirement of the exercise of proper care on the part of the plaintiff for his safety, the error will be harmless when that requirement is prominently set forth as an essential element to a recovery in other instructions on both sides.

5. Evidence—*hearsay.* The general rule is, that a witness shall testify only to facts within his personal knowledge, and not as to what he has or has not heard others say.

6. Same—*in rebuttal—to disprove permanent personal injury.* In an action to recover damages for a personal injury, members of plaintiff's family testified to the effect that he had not been fit for work since the injury, and was seriously injured, both bodily and mentally. Inquiry was made by defendant of eight witnesses, neighbors of plaintiff, one being his family physician, whether they had ever heard of the plaintiff having been seriously injured by the accident; and the plaintiff, after the injury, having gone to work as freight brakeman for the defendant, his conductor was asked by defendant to state whether or not he had any reason to suspect that the plaintiff was feeble in mind or body. The court excluded the question, on objection.

But these witnesses did testify to the fact that they never noticed any difference in the plaintiff's condition since his injury, or in his looks or appearance, from what they were before: *Held,* no error in excluding the questions, as the proof of facts furnished stronger evidence in rebuttal than would be that of never having heard of any serious injury.

7.  Practice—*unprofessional remarks of counsel in argument to the jury.* On the trial of an action against a railway company to recover for a personal injury from alleged negligence, the plaintiff's counsel, in his closing argument to the jury, said: "For more than twenty years I have stood as a humble advocate of the people against the power of such monopolies as this." On objection thereto, the court observed, that "the remark was very objectionable, and must not be repeated, and the jury should entirely disregard it:" *Held,* that the remark was culpably out of place, in violation of professional duty, and should meet a court's pointed rebuke; but the court declined to reverse for that alone.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. O. T. Reeves, Judge, presiding.

Messrs. Williams & Capen, and Messrs. Fifer & Phillips, for the appellant:

The evidence of appellee, and of his mother and sister, was to the effect that he was often delirious and unconscious for considerable lengths of time, and so continued up to the trial. Whatever any of them had said to his family physician, so far as it tended to show the reality or nature of his sufferings, was proper evidence in rebuttal. *Elliott* v. *Van-Buren,* 33 Mich. 49 ; *Mattison* v. *Railroad Co.* 62 Barb. 364.

Every circumstance that throws light upon the issue can be given in evidence, even though, as an independent fact, it would be wholly inadmissible. If it be a fact that a man can be a helpless imbecile, or nearly so, in mind and body, in a little village, and neither his family physician nor his neighbors be liable to hear of it, the ruling of the court was correct. For cases involving similar questions, see *Biles* v. *Holmes,* 11 Ired. L. 16 ; *Looper* v. *Bill,* 1 Head, 373 ; *Edy* v. *McCoy,* 20 Ala. 403 ; *Pool* v. *Bridges,* 4 Pick. 378 ; *Newell* v. *Downs,* 8

Blackf. 523; *Towle* v. *Blake,* 48 N. H. 42; *Rex* v. *Clarke,* 2 Stark. 241; *Goodwin* v. *Harrison,* 1 Root, 80.

The instructions given for the plaintiff, numbered two, three and four, were misleading, and not based on the evidence, and the second omits to mention the care required of the plaintiff.

Messrs. Stevenson & Ewing, for the appellee, made several points in view of the facts of the case, and contended that the errors assigned were not tenable.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action against the railroad company to recover damages for a personal injury claimed to have been received in the service of the company, as a freight brakeman upon a train of freight cars, while passing through a covered bridge, from being struck by the bridge. The plaintiff recovered. On appeal to the Appellate Court for the Third District, the judgment was affirmed, and the defendant appealed to this court.

It is insisted there was error in the exclusion of evidence. Members of plaintiff's family had testified to the effect that he had not been fit for work since the accident; that he was delirious for some time, and had sustained serious permanent injury, both bodily and mental. Inquiry was made by defendant's counsel of a large number of witnesses, some eight in number, neighbors of the plaintiff, and one being the family physician, whether they had ever heard of the plaintiff's having been seriously injured by the railroad accident. A while after the occurrence, plaintiff went to work again as a freight brakeman, and his conductor was asked by defendant's counsel to state whether or not he had any reason to suspect that plaintiff was feeble in mind and body. The questions were excluded, and it is that which is the subject of complaint.

It is said that in the small village in which the plaintiff resided, if the severity of the injury had been such as described by plaintiff's witnesses, it must have been talked of and become known to his immediate neighbors, and their never having heard of the receipt of any serious injury would be strong evidence in disproof of the story of members of plaintiff's family. It might have had a tendency in this direction, especially as respects the family physician, but we can not say there was error in excluding the offered testimony. It is certainly the general rule, that a witness is to testify only to facts within his personal knowledge, and not as to what he has, or has not, heard said. These witnesses did testify to the facts that they never noticed any difference in plaintiff's condition since his injury, or in his looks and appearance, from what they were before,. and this proof of facts furnished stronger evidence in rebuttal than would be that of never having heard of any serious injury.

Error is assigned in the giving of the second, third and fourth instructions for the plaintiff. The second was to the effect that when a railroad company constructs a covered bridge along the line of its railroad, it should build it of sufficient height so that persons employed by the railroad company as brakemen, and who are required to go upon the top of freight trains in discharging their duty as brakemen while going through the bridge, may pass through and under the roof of the bridge without danger to their personal safety. The third was, that if the plaintiff was guilty of some negligence, yet if his negligence was slight as compared with that of the defendant, and that the negligence of the defendant was gross, then plaintiff would not be prevented from recovering on account of his own negligence. The fourth was, that the law does not require of a brakeman that he should absolutely know all of the defects of construction and all the obstructions there may be along the line of the railroad, and that he should neglect the performance of his duties as a

brakeman to be on the constant lookout for such obstructions and defects which may be dangerous.

The general objection made to the instructions is, that they are false and misleading. We do not perceive any material error in the instructions. The third is, substantially, a form of instruction which has often been sanctioned by this court. We see no plausible objection to be made to the second instruction, unless it may be the omission of the requirement of the exercise of proper care by plaintiff for his own safety. But that requirement was so prominently put forth as essential to recovery in other instructions, both on the part of plaintiff and defendant, that we are satisfied no prejudice could have resulted to plaintiff from its omission in the second instruction.

In his closing argument for the plaintiff, plaintiff's counsel said : "For more than twenty years I have stood as a humble advocate of the people against the power of such monopolies as this." Upon objection thereto, the court observed that "the remark was very objectionable, and must not be repeated, and the jury should entirely disregard it." The remark was culpably out of place, in violation of professional duty, and should meet a court's pointed rebuke. But we are disinclined to allow the effect to it that it alone should reverse the judgment.

The judgment is affirmed.

*Judgment affirmed.*

Mr. Justice Scott, dissenting.