## ARTHUR CHRISTIN
## v.
## JAMES ERWIN.

*Action for Damages for Personal Injury—Collision at Street Crossing —Questions for Jury—Instructions—Damages, not Excessive.*

In an action to recover damages for personal injuries resulting from a collision at a street crossing, it is *held:* That the questions of fact and negligence were for the jury; that the evidence supports the inference of negligence on the part of the defendant's driver; that whether the instruction as to comparative negligence contains the requirement of ordinary care is immaterial as that requirement was contained in other instructions;· and that the verdict for $2,500 damages is not so large as to require a reversal as excessive.

[Opinion filed May 13, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. GRANT & BRADY, for appellant.

Messrs. BRANDT & HOFFMAN, for appellee.

*Per Curiam.* Appellee brought his action to recover for injuries received in consequence of a collision, at a street crossing, of the buggy in which appellee was riding and a heavy wagon driven by the servant of appellant.

The circumstances of the collision were related to the jury by three witnesses called by appellee, and by one called by appellant. The question of fact and the question of negligence were peculiarly for the determination of the jury, and the finding is binding here unless manifestly against the weight of evidence, or unless some error of law was committed at the trial. The evidence in the record abundantly supports the inference that appellant's driver was negligent, and that appellee and the driver of the vehicle in which he was riding at the time of the accident were in the exercise of ordinary care. It is urged that plaintiff's instruction as to comparative negligence omits the requirement of ordinary care. If the criticism is just, " that requirement was so prominently put forth as essential to recover in other instructions," we think no prejudice resulted to the defendant. C. & A. R. R. Co. v. Johnson, 116 Ill. 206. The other instructions of the appellee are without fault, and the jury were fully, even elaborately instructed on behalf of appellant. We are unable to say that the damages are so large, that, considering all the circumstances, the case should be reversed on that ground. Our examination of the record discloses no error which will authorize a reversal, and the judgment of the Circuit Court must therefore be affirmed.

*Judgment affirmed.*