CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY

v.

MARTIN WALTER, ADMINISTRATOR.

*Master and Servant—Duty of Employer to Employe as to Furnishing Machinery and Surroundings—Action for Death of Brakeman Knocked off Car by Bridge—Contributory Negligence.*

C., C., C. & St. L. Ry. Co. v. Walter.

1.   When a railroad company constructs a covered bridge along the line of its road, it should build it of sufficient height so that persons employed by it as brakemen, and who in the discharge of their duties are required to go upon the tops of freight cars while passing through the bridge, may pass through and under the roof of the bridge without danger to their personal safety.

2.   Plaintiff's intestate was a brakeman in the employ of defendant, and met his death through being knocked off from the roof of an unusually high car while passing through one of defendant's bridges. *Held*, that the construction of the bridge was such as to warrant a finding of negligence against defendant, and that it also warranted a finding that deceased was free from negligence.

3.   No one is presumed to knowingly incur pain and death when he can avoid it at his discretion.

4.   A servant is under no obligation to investigate and test the machinery and fixtures surrounding him, in the absence of notice that there is something wrong in that respect, but can rely on the performance of this duty by the master.

[Opinion filed December 7, 1892.]

Appeal from the Circuit Court of Wabash County; the Hon. S. Z. Landes, Judge, presiding.

Messrs. Bell & Conger, for appellant.

Messrs. Mundy & Organ, for appellee.

Mr. Justice Green.   Plaintiff's intestate was employed as a brakeman by the defendant, and while acting in that capacity and riding on the top of a freight car in defendant's train, through a covered bridge built and maintained by defendant, his head struck a brace in the bridge and he was thereby knocked off the car and so injured that his death resulted.   He left a widow and child him surviving. To recover damages for his death this suit was brought by the administrator under the statute against appellant.   The jury found defendant guilty and assessed the damages at $2,000, for which sum and costs of suit judgment was entered and defendant took this appeal.   The negligence charged in the declaration is building and maintaining a covered bridge with insufficient space left between the top of cars

and the bottom of the cross beams at the top of the bridge, and in other respects so constructed as to endanger the safety of brakemen employed on freight trains of defendant passing through said bridge; placing a car of extraordinary height in the train upon which deceased was working at the time he was knocked off, and failing to maintain a whipping strap or other device or means to warn or inform brakemen upon train of defendant that the train was approaching the bridge. The first question presented for our consideration in deciding this case is: Did appellant neglect to perform a legal duty which it owed the deceased, its servant? This duty has been defined and established by numerous decisions of our Supreme Court and courts of last resort in other States. "The burden of furnishing safe machinery, appliances, surroundings, etc., is upon the master, and while the master is not to be held liable for defects and damages of which the servant is fully informed, yet the servant is authorized to rely upon the acts of the master in that respect and is under no primary obligation to investigate and test the fitness and safety of the machinery, surroundings, etc., in the absence of notice that there is something wrong in that respect." C. & E. F. R. R. Co. v. Hines, 132 Ill. 169. With respect to bridges this ruling has been announced in the case of C. & A. R. R. Co. v. Johnson, 116 Ill. 206: "When a railroad company constructs a covered bridge along the line of its railroad, it should build it of sufficient height so that persons employed by the railroad company as brakemen, and who are required to go upon the top of freight trains in discharging their duty as brakemen while going through the bridge, may pass through and under the roof of the bridge without danger to their personal safety."

Applying the law to the facts proven in this case, it appears to us the jury were justified in finding that the appellant failed to discharge the legal duty it owed the deceased, and by reason of its neglect in that regard the injury to him was occasioned, and his death resulted. The train in question here was a freight train of sixteen cars,

one of which was a car fourteen feet high, and three feet higher than ordinary box freight cars. The train so made up was required to be operated by appellant's employes over its line through the covered bridge. It was eighteen feet seven inches from the top of the rail to the top cross beams of the bridge, hence there was a space of only four feet seven inches between these cross beams and the top of the high car—not sufficient to permit a brakeman to stand erect on the top of the car while the train passed through the bridge without danger of any injury to his person. From the cross beam a brace six feet long extended diagonally to the side timbers of the bridge. The center of the brace was just above the east side, and so close to the top of this car that a person sitting on the top at that side would be struck by the brace as the train passed under it. There were no whipping straps or other means or device furnished indicating to brakemen that the train was approaching this bridge. The deceased was a brakeman, who in the discharge of his duties as such, was required to be on the top of cars. He was seated on the top and east side of the high car as the train passed into the bridge, and the side of his head struck against the brace, and he was knocked off the car upon the ground, and so injured that his death resulted. It was shown in evidence that deceased violated no rule of the company by sitting where he did, and that brakemen frequently sat upon the side or top of a freight car when engaged in the line of their employment upon freight trains. Appellant knew, and was bound to know the character, capacity and fitness of this bridge, and that brakemen would be on top of train in the discharge of their duties; with this knowledge it could not be ignorant, when it put a car of the height of fourteen feet in its train, which it required its servants to operate over its line through this bridge, that thereby an extra hazard was imposed upon them, and by reason of the insufficient height of the bridge and the brace therein being constructed as it was, that brakemen might not pass through and under the cross beams or brace in the bridge without danger of injury. It is contended, however, on behalf of appellant, that deceased did

not exercise reasonable care for his own safety, and also that he knew, or ought to have known, of the construction and insufficient height of the bridge, and the danger he would incur if he sat where he did on top of the car. As we before remarked, deceased violated no rule of appellant in sitting where he did, and sat where brakemen frequently sat when engaged in the discharge of their duties on freight trains. The brake on the car was in front and on the side he placed himself, and within easy reach of him if he was required to use it. In view of all the evidence we are not prepared to say the jury were not warranted in finding deceased was in the exercise of reasonable care. Touching the defense that deceased knew or ought to have known of the defects through which his injury was received, it is said in C. & E. R. R. Co. v. Hines, *supra:*

" But it is a matter of defense that the deceased had knowledge of the defects through which his injury was received; unless it shall appear from the evidence that he had such knowledge, it will not be presumed; since no one is presumed to knowingly incur pain and death where he can avoid it at his discretion." In the same opinion it is also said, " yet the servant is authorized to rely upon the acts of the master in that respect and is under no primary obligation to investigate and test the fitness and safety of the machinery surrounding, etc., in the absence of notice that there is something wrong in that respect; and necessarily much more is the servant entitled to assume that his master has furnished him with suitable and safe materials, machinery and surroundings, and relieved him of investigation and injury in that regard, where, as in the present instance, the performance of his duties requires constancy of attention to other matters. A brakeman whose attention is constantly directed to moving cars and their coupling and uncoupling can not possibly give much attention to the ties, switch bars, etc., over which he may from time to time have to. pass." The evidence disclosed in this record fails to show that deceased knew or was notified of the height of the bridge or of its construction or of the extra hazard of operating a train with the high car in it, and the danger of personal injury

to himself if he sat where he did on top of said car, and he was under no primary obligation to investigate and test the fitness of the bridge as constructed for the passage of the high car through it without danger to those working on the train. We find no reversible error in the ruling of the trial court in admitting the evidence complained of. The instructions given to the jury taken together presented the law fairly, and we do not think the jury were misled by them to the prejudice of appellant.

In modifying appellant's sixth instruction, we perceive no error. The law was more accurately stated in the first instruction given on behalf of appellant, than in the fifth instruction, which the court refused to give, hence the refusal to give the latter was not error. The court refused appellant's fourth instruction, which read as follows: "The court instructs the jury that by law the defendant was required to haul over the road the high car in question, if it could be with safety taken over its road. The fact that it was higher than defendant's own cars would not relieve it from its duty in this respect." The duty was not imposed by law on appellant to receive and transport a car over its line, if by doing so its servants would be thereby exposed to a danger not incident to their usual employment as such. It was bound to carry proper freight over its line as a common carrier, but was not bound to transport every kind of car. This instruction ignores the question of the danger to employes, but would have informed the jury, if the court had given it, that if the *car* could with safety be taken over appellant's road, the law required appellant to receive and transport it.

No authority for such a rule of law has been cited and we apprehend none can be found. The court did not err in refusing this instruction. Holding as we do, that the negligence of appellant as charged was proven and that the evidence did not show such contributory negligence on the part of the deceased as barred the recovery, and that the rulings of the court were not erroneous, it follows that in our opinion the judgment was right, and it is affirmed.

*Judgment affirmed.*